UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                       Plaintiff,

                                                                       Case #14-CR-6111-FPG

v.

                                                                       DECISION AND ORDER

JOSEPH RUFF,

                                                                       Defendant.
_____

        The United States has filed a "Motion for an Order Requiring Transfer of Valuable Property by the Federal Bureau of Investigation to Satisfy, in whole or in part, the Money Judgment." ECF No. 102. That application seeks an Order "pursuant to Rule 32.2 of the Federal Rule of Criminal Procedure, Title 18, United States Code, Section 982(a)(1) and the provisions of Title 21, United States Code, Section 853" that would require the Federal Bureau of Investigation to turn over, for liquidation, "sports memorabilia and property…to satisfy, in whole or in part, the Money Judgment imposed against the defendant, Joseph Ruff." *Id.* at 1. There are two main problems with the government's application.

        First, the legal basis of the government's application is unclear. It is clear that the government has obtained a forfeiture money judgment against Defendant Ruff in the amount of $1.2 million, and there are arguably several ways that the government could go about collecting on that judgment. But nowhere in the application does the government identify one of those bases – such as the substitute assets provision of 21 U.S.C. § 853(p), by using a federal debt collection statute, or otherwise – so the Court is left guessing as to the underlying authority that the government asks the Court to rely on in judging the application. While the application does cite to 18 U.S.C. 982(a)(1), that statute would be inapplicable at this juncture, since the case has

concluded, and additionally, there is nothing in the record to show that the property at issue would be directly forfeitable under that statute. Similarly, the applications' reference to 21 U.S.C. § 853 is not helpful, since that section has numerous subsections that provide for the forfeiture of assets under several different methods and by different procedures. Without a specific basis cited for the requested relief, the Court is unable to issue an appropriate determination. As a result, the application is DENIED WITHOUT PREJUIDCE. The government is free to submit a renewed application, in which it must identify the statutory and factual basis for the relief requested.

Second, as a practical matter, it is unclear exactly what property the government is seeking to forfeit. Rather than attaching a clear and organized list of property for forfeiture, the government has attached a variety of different forms that leave many questions unanswered. For example, page 4 of the attachments recite a description of "autographed sports memorabilia (Buffalo Sabres jersey purportedly signed by Nathan Paetsch, Picture purportedly autographed by Pete Rose, and baseball autographed by unknown individuals.)" ECF No. 102-2 at 4. A more organized list appears two pages later, which lists several other items in addition to an "autographed Buffalo Sabres Jersey purportedly signed by Nathan Paetsch." ECF No. 102-2 at 6. It is unclear whether there are two signed Nathan Paetsch jerseys that the government now seeks to forfeit, or if there is one item that was simply listed twice. Similarly, that page lists "Autographed picture purportedly signed by Pete Rose." *Id.* Again, the Court is unwilling to guess as to whether these items are one in the same, or whether two actually exist and the government is seeking to forfeit both items.

Further, on a different document attached to the government's submission, fifteen items of jewelry are listed. ECF No. 102-2 at 16. However, six of those items have a handwritten notation of "Returned" next to them. Is the government seeking to forfeit these items? Or is this

concluded, and additionally, there is nothing in the record to show that the property at issue would be directly forfeitable under that statute. Similarly, the applications' reference to 21 U.S.C. § 853 is not helpful, since that section has numerous subsections that provide for the forfeiture of assets under several different methods and by different procedures. Without a specific basis cited for the requested relief, the Court is unable to issue an appropriate determination. As a result, the application is DENIED WITHOUT PREJUIDCE. The government is free to submit a renewed application, in which it must identify the statutory and factual basis for the relief requested.

Second, as a practical matter, it is unclear exactly what property the government is seeking to forfeit. Rather than attaching a clear and organized list of property for forfeiture, the government has attached a variety of different forms that leave many questions unanswered. For example, page 4 of the attachments recite a description of "autographed sports memorabilia (Buffalo Sabres jersey purportedly signed by Nathan Paetsch, Picture purportedly autographed by Pete Rose, and baseball autographed by unknown individuals.)" ECF No. 102-2 at 4. A more organized list appears two pages later, which lists several other items in addition to an "autographed Buffalo Sabres Jersey purportedly signed by Nathan Paetsch." ECF No. 102-2 at 6. It is unclear whether there are two signed Nathan Paetsch jerseys that the government now seeks to forfeit, or if there is one item that was simply listed twice. Similarly, that page lists "Autographed picture purportedly signed by Pete Rose." *Id.* Again, the Court is unwilling to guess as to whether these items are one in the same, or whether two actually exist and the government is seeking to forfeit both items.

Further, on a different document attached to the government's submission, fifteen items of jewelry are listed. ECF No. 102-2 at 16. However, six of those items have a handwritten notation of "Returned" next to them. Is the government seeking to forfeit these items? Or is this

handwritten notation supposed to tell the Court that these items are not part of the present application? None of these matters are addressed in the government's papers.

Any party seeking relief from the Court is obligated to present the matter in a clear and organized fashion, and the present application leaves the Court with more questions than answers in terms of what items the government is seeking to forfeit. For that additional reason, the government's application is again DENIED WITHOUT PREJUDICE.

If the government wishes to re-apply for an Order seeking to forfeit items, or to otherwise collect on the forfeiture money judgment, they are free to do so, but the government shall (1) identify the statutory basis for the relief it seeks, and (2) present the Court with an organized and clear listing of the property it seeks to forfeit.

IT IS SO ORDERED.

DATED:   July 13, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court